```
UNITED STATES DISTRICT COURT                                          C/M
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                                         :
TYRONE LAVAL CARTHEN,                                    :
                                                         :
                        Plaintiff,                       :   **MEMORANDUM**
                                                         :   **DECISION AND ORDER**
            -against-                                    :
                                                         :   19-cv-6392 (BMC) (LB)
ERIC GONZALEZ, District Attorney, et al.,                :
                                                         :
                        Defendants.                      :
                                                         :
-------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff pro se brings this action false arrest and excessive force claim against defendants pursuant to 42 U.S.C. § 1983. He alleges that on February 9, 2019, he was arrested when he failed to provide his license and registration to defendant Police Officers Ortiz, Chase and Hunter. He further alleges that the Police Officers entered his vehicle and pulled him out without his consent. He alleges that the Police Officers assaulted him, sexually abused him, and kidnapped him by taking him to the 79th Police Precinct. He seeks $500 million in damages and injunctive relief. The complaint is dismissed with leave to amend against some but not all of the defendants for the reasons set forth below.

**I.**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When assessing a complaint's sufficiency, the Court assumes

that all of the factual allegations in it are true, but the Court disregards legal conclusions couched as factual allegations. Id.

In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, even if a plaintiff has paid the Court's filing fee, as plaintiff has done here, a district court may dismiss the action, *sua sponte*, if it determines that the action is frivolous, see Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 263, 363-64 (2d Cir. 2000); see also Greathouse v. JHS Sec. Inc., 784 F.3d 105, 119 (2d Cir. 2015) ("Courts have both statutory and inherent authority to *sua sponte* dismiss frivolous suits.").

An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).  Furthermore, "[a] complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit." Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999) (quotation omitted); Ashmore v. Prus, No. 13-cv-2796, 2013 WL 3149458, at *2 (E.D.N.Y. June 19, 2013).

## II.

At the outset, the Court notes that while plaintiff names 28 defendants, he only provides facts against the three Police Officers – Juana Ortiz, Kamron Chase and John Hunter – who allegedly falsely arrested him on February 9, 2019.  There are no facts to support a claim against the remaining 25 defendants.  In light of the occupations of certain defendants, the Court

dismisses the complaint in part as frivolous as these defendants are entitled to absolute immunity.

### A. Judicial Immunity

Plaintiff's complaint does not allege any facts against Judges Michael Yavinksy, Edwin Novillo, Joseph Gubbay, Rao Archana or Hilary Gingold. However, even if he had, they are entitled to absolute judicial immunity for actions taken in their judicial capacity. See Mireles v. Waco, 502 U.S. 9, 11 (1991) (*per curiam*). Similarly, James Smoot, as the Borough Court Clerk, is entitled to absolute immunity from damages "for performance of tasks which are judicial in nature and an integral part of the judicial process." Rodriguez v. v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997). "Even 'when functions that are more administrative in character have been undertaken pursuant to the explicit direction of a judicial officer . . . that officer's immunity is also available to the subordinate.'" Id. at 67; see also McNight v. Middleton, 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010) ("a clerk's acts that implement judicial decisions or that are performed at the direction of under the supervision of a judicial officer come under the ambit of judicial immunity.").

### B. Prosecutorial Immunity

Plaintiff's complaint does not allege any facts against the Kings County District Attorney Eric Gonzalez or Assistant District Attorney Shaneka McKellar. Again, however, even if he had, they are entitled to absolute immunity insofar as they acted as advocates in the judicial phase of the criminal process. See Simon v. City of New York, 727 F.3d 167, 171 (2d Cir. 2013) ("A prosecutor acting in the role of an advocate in connection with a judicial proceeding is entitled to absolute immunity for all acts 'intimately associated with the judicial phase of the criminal process.'") (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); see also Dory v. Ryan, 25

3

F.3d 81, 83 (2d Cir. 1994) ("[A]bsolute immunity protects a prosecutor from § 1983 liability for virtually all acts, regardless of motivation, associated with his function as an advocate.").

### C. Eleventh Amendment Immunity

Plaintiff's complaint cannot proceed against the Kings County Criminal Court, the New York State Department of Motor Vehicles (DMV) or the Kings County District Attorney's Office. As agencies of the State of New York, these defendants are all entitled to immunity under the Eleventh Amendment. See Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (finding that "the New York State Unified Court System is unquestionably an arm of the State and is entitled to Eleventh Amendment sovereign immunity"); Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004) (Eleventh Amendment barred plaintiff from seeking relief under § 1983 against DMV); Ying Jing Gan v. City of New York, 996 F.2d 522, 535 (2d Cir. 1993) (District Attorney's Office is protected by the Eleventh Amendment).

### III.

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against each defendant named so that each defendant has adequate notice of the claims against them. Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.") (citations and internal quotation marks omitted).

Here, plaintiff does not allege any facts against Stuart Birbach, Henry DeChalus, Commissioner Mark J.F. Schroeder, Court Officer Shield Number 265, Court Officer Terry Napolitano, and Court Reporters: Kimberly Vidals, Kimberly Williams, Nathan MacCormack, Raniesha Jeffries, Monica Jenkins, Julian K., Anna Znamenshchikova, and Dalila Cummings. Plaintiff's complaint fails to give these defendants fair notice of his claims against them and therefore fails to comply with Rule 8.

IV.

The New York City Police Department and the 79th Police Precinct are not suable entities. Section 396 of the Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter Ch. 17, § 396. That provision "has been construed to mean that New York City departments [and agencies, such as the Department of Correction ("DOC")], as distinct from the City itself, lack the capacity to be sued. Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007).

**CONCLUSION**

Accordingly, the complaint is dismissed. Plaintiff is granted leave to file an amended complaint within 20 days from the date of this Order that complies with Rule 8 against the following defendants only: Stuart Birbach, Henry DeChalus, Commissioner Mark J.F. Schroeder, Court Officer Shield Number 265, Court Officer Terry Napolitano; and Court Reporters: Kimberly Vidals, Kimberly Williams, Nathan MacCormack, Raniesha Jeffries, Monica Jenkins, Julian K., Anna Znamenshchikova and Dalila Cummings. That amended complaint must contain express allegations showing who each of these defendants are and what they are alleged to have done wrong. In addition, the amended complaint may re-assert the

claims from the original complaint against Police Officers Juana Ortiz, Shield No. 8870; Police Officer Kamron Chase, Shield No. 11421; and Police Officer John Hunter, Shield No. 21769, as those claims have been adequately set forth for purposes of the Court's *sua sponte* review. Failure to file an amended complaint shall result in the dismissal of this action.

Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                        U.S.D.J.

Dated: Brooklyn, New York
       January 22, 2020