UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK  
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X

TYRONE LAVAL CARTHEN,

                              Plaintiff,

                - against -

NYCPD OFFICERS JUANA ORTIZ,  
  KAMRON CHASE, and JOHN HUNTER,

                            Defendants.  
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X

C/M

**ORDER**

19-cv-6392 (BMC) (LB)

**COGAN**, District Judge.

      By Order dated January 23, 2020, the Court dismissed plaintiff's complaint with leave to amend solely as to Stuart Birbach, Henry DeChalus, Commissioner Mark J.F. Schroeder, Court Officer John Doe, Shield Number 265, Court Officer Terry Napolitano, Court Reporters: Kimberly Vidals, Kimberly Williams, Nathan MacCormack, Raniesha Jeffries, Monica Jenkins, Julian K., Anna Znamenschchikova and Dalila Cummings. The Court also directed plaintiff to re-assert his claims against Police Officers Juana Ortiz, Kamron Chase and John Hunter.

      On February 21, 2020, plaintiff filed an amended complaint that failed to comply with the Court's Order to provide facts against the defendants set forth above. Furthermore, plaintiff again sued the following defendants who were dismissed from the action – Eric Gonzalez, Shaneka McKellar, Judge Michael Yavinsky, Judge Edwin Novillo, Judge Joseph Gubbay, Judge Rao Archana, Judge Hilary Gingold, Borough Chief Clerk James Smoot and the New York City Police Department,79th Precinct – and provided no basis for why the Court should reconsider their dismissal from this action.

      I am also *sua sponte* dismissing plaintiff's false arrest claim under 42 U.S.C. § 1983, even though he has paid the filing fee. See Fitzgerald v. First East Seventh St. Tenants Corp.,

221 F.3d 362, 363-64 (2d Cir. 2000).  Plaintiff's complaint acknowledges that he was operating a vehicle without a valid license and registration, and documents attached to the complaint demonstrate the arresting officers had probable cause to believe plaintiff's license had been revoked and/or suspended at the time of his arrest.  Plaintiff does not dispute that he was behind the wheel of a car without a valid license.  Rather, he contends that he was a "traveler" – not an "operator" – because he had attached a sticker on his car indicating he was a "traveler not a driver or operator".  This is much more than a failure to state a claim; plaintiff's legal theory as to why he did not need a valid driver's license to operate a vehicle lacks any colorable merit and thus his false arrest claim is dismissed as frivolous.  See Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).  The public cannot endure operators of motor vehicles self-describing themselves as travelers and thereby escaping the licensing requirements for the operation of motor vehicles.

      Accordingly, the amended complaint is dismissed as set forth in the Court's January 23, 2020 as to all the defendants with the exception of plaintiff's excessive force claim, pursuant 42 U.S.C. § 1983, against the arresting officers, Juana Ortiz, Kamron Chase and John Hunter, which shall proceed.  Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                    U.S.D.J.

Dated: Brooklyn, New York
       March 5, 2020