UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TYRONE CARTHEN,

                                                Plaintiff,

               -against-

KAMRON CHASE, ROBERT HUNTER,
and JUANA ORTIZ

                                            Defendants.

**ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF KAMRON CHASE AND ROBERT HUNTER**

**JURY TRIAL DEMANDED**

19-CV-6392 (BMC) (LB)

------------------------------------------------------------------------ x

        Defendants Kamron Chase and Robert Hunter[1] by their attorney, James E. Johnson, Corporation Counsel of the City of New York, as and for their Answer to plaintiff's Amended Complaint, dated February 21, 2020 (the "Complaint"), respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth on page 1 of the Complaint, entitled "See Attached Names in Personal Capacity," except admit plaintiff purports to proceed as stated therein.[2]

        2.     Deny the allegations set forth in section "I" of the Complaint, entitled "The Parties to this Complaint," except admit plaintiff purports to proceed as stated therein.

        3.     Plaintiff states "see attached" in response to section "II" of the Complaint entitled "Basis for Jurisdiction." Plaintiff has attached eight typed pages as pages 9 through 17 of the Complaint. *See* Civil Docket Sheet, Entry No. 9, at p. 9-17. Defendants address the

---

[1] The individual identified in the Amended Complaint as Juana Ortiz recently retired from the New York City Police Department. By letter dated March 23, 2020, defendants have requested an enlargement of time to respond to the Amended Complaint on her behalf.

[2] On March 6, 2020, the Court dismissed the Amended Complaint as to all defendants with the exception of Police Officers Kamron Chase, Robert Hunter, and Juana Ortiz. *See* Civil Docket Sheet, Entry No. 11.

allegations contained on these pages in paragraph 5 of this Answer. Defendants deny the allegations set forth in section "II" of the Complaint entitled "Basis for Jurisdiction," except admit that plaintiff purports to proceed as stated therein.

      4.      Defendants deny the allegations set forth in section "III" of the Complaint entitled "Statement of Claim," except admit that the alleged incident took place on or about February 9, 2019, at approximately 4:30 p.m., in the vicinity of Norstrand Avenue and Herkimer Street in Brooklyn, New York. Further, plaintiff states "see attached" in response to section "III.C." of the Complaint entitled "Statement of Claim." Plaintiff has attached two typed pages as pages 18 through 19 of the Complaint. *See* Civil Docket Sheet, Entry No. 9, at p. 18-19. These pages do not contain numbered paragraphs, so defendants have numbered the paragraphs on these two pages, and attached this as Exhibit "A" hereto. Defendants address each of the allegations contained in this attachment in paragraphs 6 through 11 of this Answer.

      5.      Deny the allegations set forth on pages 9 through 17 of the Complaint, except state that plaintiff purports to invoke the jurisdiction of the Court and proceed as stated therein. Defendants further admit that Kamron Chase, Robert Hunter, and Juana Ortiz are or were employed by the City of New York, and state that to the extent the allegations on pages 9 through 17 of the Complaint contain conclusions of law, no response is required.

      6.      Deny the allegations set forth in the paragraph labeled "1" in Exhibit A of the Complaint, except admit that the vehicle plaintiff was driving was stopped in the vicinity of Norstrand Avenue and Herkimer Street for making an illegal left turn and for not displaying rear or front license plates on the vehicle.

7. Deny the allegations set forth in the paragraph labeled "2" in Exhibit A of the Complaint, except admit that plaintiff stated, in sum and substance, that he was a traveler not an operator of the vehicle, and that he refused to provide his driver's license to Officer Chase.[3]

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph labeled "3" in Exhibit A of the Complaint.

9. Deny the allegations set forth in the paragraph labeled "4" in Exhibit A of the Complaint, except admit that plaintiff was lawfully arrested by Officers Chase and Hunter.

10. Deny the allegations set forth in the paragraph labeled "5" in Exhibit A of the Complaint, except admit that plaintiff was transported to the 79th Precinct following his lawful arrest.

11. As stated *supra*, the Court dismissed all defendants in this case except Officers Chase, Hunter, and Ortiz. To the extent a response to the paragraph labeled "6" in Exhibit A of the Complaint is required, defendants deny the allegations in that paragraph.

12. Deny the allegations set forth in section "IV" of the Complaint, entitled "Injuries," except admit plaintiff purports to proceed as stated therein.

13. Deny the allegations set forth in section "V" of the Complaint, entitled "Relief," except admit plaintiff purports to proceed as stated therein.

14. Pages 21 through 188 of the Complaint are purported exhibits. These pages do not include any factual allegations against the defendants, and thus, do not require a response.

---

[3] On March 6, 2020, the Court *sua sponte* dismissed plaintiff's false arrest claim finding that plaintiff's Amended Complaint acknowledged that he was operating a vehicle without a valid license and registration, and documents attached to the complaint demonstrated the arresting officers had probable cause to believe plaintiff's license had been revoked and/or suspended at the time of his arrest. *See* Civil Docket Sheet, Entry No. 11 at 2.

### **FIRST AFFIRMATIVE DEFENSE:**

15. The Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE:**

16. Any injury alleged to have been sustained resulted from plaintiff's own culpable, negligent, or intervening conduct and was not the proximate result of any act of the defendants.

### **THIRD AFFIRMATIVE DEFENSE:**

17. There was probable cause and/or reasonable suspicion for the stop of plaintiff's vehicle by defendants on February 9, 2019.

### **FOURTH AFFIRMATIVE DEFENSE:**

18. There was probable cause for plaintiff's detention, arrest, and prosecution.

### **FIFTH AFFIRMATIVE DEFENSE:**

19. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States, the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### **SIXTH AFFIRMATIVE DEFENSE:**

20. Defendants Chase and Hunter have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are entitled to qualified immunity.

**WHEREFORE,** defendants Kamron Chase and Robert Hunter request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      March 23, 2020

                                JAMES E. JOHNSON
                                Corporation Counsel of the City of New York
                                *Attorney for Kamron Chase, and Robert Hunter*
                                100 Church Street, Room 3-211
                                New York, New York 10007
                                (212) 356-2358

                            By:       ***Carolyn K. Depoian*** /s/
                                      Carolyn K. Depoian[4]
                                      *Senior Counsel*
                                      Special Federal Litigation Division

        **VIA U.S. Mail**
cc:    Tyrone Carthen
        Plaintiff *Pro Se*
        257, Norstrand Avenue, #525
        Brooklyn, New York 11205

---

[4] Please take notice that this case is assigned to Assistant Corporation Counsel Mostafa Khairy, who is presently awaiting admission to the Eastern and Southern Districts of New York and is handling this matter under my supervision. Mr. Khairy may be reached directly at (212) 356-2105 or mkhairy@law.nyc.gov.